IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


DONALD PIDCOCK                                                    PLAINTIFF

V.                                        NO. 12-3079

CAROLYN W. COLVIN,[1]
Acting Director of the Social Security Commission                DEFENDANT


## MEMORANDUM OPINION

Plaintiff, Donald Pidcock, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act). In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

## I.      Procedural Background:

Plaintiff filed his applications for DIB and SSI on January 8, 2009 and January 10, 2008,

respectively, alleging an inability to work since January 1, 2008, due to "Congestive heart failure,

high blood pressure." (Tr. 133-135, 138-141, 162, 168). An administrative hearing was held on

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

AO72A
(Rev. 8/82)

April 21, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 31-71).

By written decision dated August 23, 2010, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - congestive heart failure, high blood pressure, diabetes, and obesity. (Tr. 16). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he cannot climb; he can only occasionally balance and stoop; he cannot kneel, crouch, or crawl; he cannot tolerate exposure to extreme heat or cold; and he cannot tolerate exposure to hazards, including no driving as part of work.

(Tr. 18-19). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as helper-production- nut and bolt assembler; production worker- bench assembler; and a hand packager. (Tr. 24-25).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence and denied the request on June 15, 2010. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). The case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

-2-

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.    Discussion:**

Plaintiff raises the following issues on appeal: 1) The ALJ's decision is not supported by substantial evidence; 2) The ALJ's RFC finding is not supported by substantial evidence; 3) The ALJ's step-findings are not supported by substantial evidence; and 4) The ALJ erred in assessing Plaintiff's credibility. (Doc. 8).

**A.    RFC Determination:**

RFC is the most a person can do despite that person's limitations.   20 C.F.R. §404.1545(a)(1).  It is assessed using all relevant evidence in the record.  Id.  This includes medical records, observations of treating physicians and others, and the claimant's own description of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3).  The

-4-

Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).   Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).   "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, the ALJ found that Plaintiff had the RFC to perform sedentary work with certain limitations.  (Tr. 19). He considered the medical records and opinions and Plaintiff's description of his limitations.  He addressed Plaintiff's complaints as well as his daily activities, the fact that Plaintiff had been a smoker, and that he began to reduce his smoking in 2006 when he found out he had congestive heart failure. (Tr. 19-20).  The ALJ went into great detail about the various records of the physicians, and noted that the objective medical evidence of record did not support the extent and severity of Plaintiff's alleged limitations.  (Tr. 20).  He referenced Plaintiff's echocardiogram, which was good on May 15, 2006.  He observed that Plaintiff was very erratic in taking his blood pressure medication, and the record supports Plaintiff's non-compliance.  (Tr. 43, 228, 259, 279, 281, 292, 371, 384, 394, 429).  In fact, it is noteworthy that in 2001, Plaintiff reported to a physician that when he took Lotension, it controlled his high blood pressure well. (Tr. 258).   On September 16, 2004, when Plaintiff went to the Ottawa County Free Clinic, his hypertension was found as "controlled."  (Tr. 271).   Plaintiff was encouraged to decrease his smoking. (Tr. 271). On February 26, 2007, Plaintiff's wife called an Urgent Care Clinic and advised that Plaintiff had tried several blood pressure medications and the only one that worked was Catapress, so he was prescribed a Catapress patch. (Tr. 337).

-5-

"Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted).  Although Plaintiff contends that he could not afford medication, the record indicates that Plaintiff continued to chew tobacco and smoke cigarettes, even after being urged to quit, and he was therefore somehow able to afford tobacco and cigarettes.

On April 9, 2008, Dr. R.F. Morgan, of Blackwell Medical Clinic, Inc., conducted an "Internist Examination," and in his report, he noted that Plaintiff's upper extremities were grossly normal; there was no redness, swelling or deformity of joints; the lower extremities were negative; the upper extremities showed grip strength 5 on a scale of 1-5 with fine and gross manipulation not impaired; there was a fine tremor to both hands, worse on the right; the lower extremities showed no redness, swelling or deformity of joints; toe and heel walking was slightly below normal; and the gait was safe and stable without assistive device. (Tr. 349).  He also provided a range of motion chart. (Tr. 350-353).

On December 19, 2008, Dr. Shannon H. Brownfield conducted a General Physical Examination, and found Plaintiff's range of motion was within normal limits, and concluded that Plaintiff had moderate to severe limitations upon exertion and with prolonged walking and standing. (Tr. 359-361).

On June 21, 2009, Robert Redd completed a Physical RFC Assessment, and found that Plaintiff would be capable of performing light work with certain postural limitations. (Tr. 378-379).  He also noted that there was some evidence of noncompliance with antihypertensive medications. (Tr. 384).

The ALJ summarized his RFC assessment as follows:

-6-

> In sum, the above residual functional capacity assessment is supported by the state agency medical consultant's opinion; the objective medical evidence of record; the lack of compliance with blood pressure medications; claimant's argument of a lack of financial resources to afford medication refuted by smoking more than ½ a pack of cigarettes per day; claimant not following doctor's recommendations to see a cardiologist; a treatment gap of more than 1 year after the alleged onset date; and the record revealing the claimant has received no more than conservative treatment.

(Tr. 23). The Court finds that the ALJ sufficiently explained his RFC findings and gave appropriate weight to the physicians' opinions, and that there is substantial evidence to support the ALJ's RFC findings.

**B.    Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to

-7-

the extent they were inconsistent with the RFC assessment.  (Tr. 20).  The ALJ discussed Plaintiff's daily activities, the fact that he was often non-compliant with his blood pressure medicine, the fact that he was able to afford to smoke and chew tobacco, and the fact that there was a treatment gap of 2 years.[2]  (Tr. 21-22).

Based upon the foregoing, as well as the reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

**C.     Step 5 Findings:**

Plaintiff contends that the ALJ's hypothetical question did not include all of the impairments from which Plaintiff suffered and therefore, the ALJ should not have relied upon the VE's testimony.

At the hearing held before the ALJ, the ALJ's hypothetical question set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005).  Accordingly, the Court believes that the VE's responses to the hypothetical question constitute substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing other work as an helper-production-nut and bolt assembler; production worker-bench assembler, and hand packager.  Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from VE based on properly phrased hypothetical question constitutes substantial evidence).  It is also clear from the VE's testimony that he noted that the jobs and numbers he gave to support those jobs were based upon the U.S. Publishing Employment Survey, which indicates that although the jobs were listed

---

[2]Although Plaintiff was seen by a consultative examiner Dr. R.F. Morgan, he did not seek treatment until April 30, 2009, with Boston Mountain Rural Health Center, Inc.  (Tr. 393).

as medium, unskilled, they were also performed at the sedentary unskilled two level. (Tr. 65). The Court notes that 20 C.F.R. § 404.1566(d) provides that the Commission will take administrative notice of reliable job information available from various governmental and other publications, and gives examples of such publications in subsection (1)-(5). The Court also notes that the publication utilized by the VE in this case, the U.S. Publishing Employment Survey, is not included in this list. However, in 20 C.F.R. § 404.1566(e), the use of the services of a VE or other specialist is authorized.  In this case, not only did the ALJ rely on testimony by the VE, but the VE also explained the conflict between the DOT and his jobs by utilizing a publication. The Eighth Circuit has held that the DOT definitions "are simply generic job descriptions that offer the approximate maximum requirements for each position, rather than their range." Wheeler v. Apfel, 224 F.3d 891, 897 (8th Cir. 2000)(quoting Hall v. Chater, 109 F.3d 1255, 1259 (8th Cir. 1997).  "'The DOT classifications may be rebutted with VE testimony which demonstrates specific jobs whether classified as light or sedentary, may be ones that a claimant can perform.'" Jones v. Astrue, 619 F.3d 963, 978 (8th Cir. 2010)(quoting Dobbins v. Barnhart, 182 Fed. Appx. 618, 619 (8th Cir. 2006)(unpublished per curiam).

Based upon the ALJ's RFC findings, which this Court believes to be supported by substantial evidence, along with the testimony of the VE, the Court is of the opinion that substantial evidence supports the ALJ's finding that there were other jobs Plaintiff could perform.

## IV.   Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby

AO72A
(Rev. 8/82)

affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby,

dismissed with prejudice.

IT IS SO ORDERED this 12th day of August, 2013.

*/s/ Erin L. Setser*

HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-10-